IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GAVIN V. CAROLAN AND KENIA R. CAROLAN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 5:23-cv-00237 |
| USAA FEDERAL SAVINGS BANK, | § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant USAA Federal Savings Bank ("USAA FSB" or "Defendant") hereby removes this action from the Justice Court, Precinct Number 5, Hockley County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division, and as grounds for removal states as follows:

### I.   STATE COURT ACTION

1. On August 21, 2023, Plaintiffs Gavin V. Carolan and Kenia R. Carolan ("Plaintiffs") filed their Petition: Small Claims Case ("Petition") in the Justice Court, Precinct Number 5, Hockley County, Texas styled *Gavin V. Carolan & Kenia R. Carolan v. USAA Federal Savings Bank*, Cause Number S0705 (the "State Court Action"), alleging that after admittedly and voluntarily linking his USAA FSB checking account to a third party website, several purportedly unauthorized transactions were made resulting in the account being overdrawn and the imposition of multiple insufficient funds fees. Plaintiffs claim that they made numerous attempts to dispute the charges and the fees, but that USAA FSB did not properly investigate the dispute.

2. Plaintiffs assert claims for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Deceptive Trade Practices-Consumer Protection Act ("DTPA"),

negligence, unjust enrichment, and negligent supervision of employees. Plaintiffs seek actual and exemplary damages, as well as attorney's fees and costs.

3. With this Notice of Removal, Defendant removes the State Court Action to this Court based on federal question jurisdiction, as more fully described below.

## II.     PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. §§ 124(a)(7), 1441, 1446(a).

5. The United States District Court for the Northern District of Texas, Lubbock Division, has original jurisdiction over this action based on federal question jurisdiction because Plaintiffs assert claims arising under federal law.

6. This removal is timely because Defendant was served on September 27, 2023, and it is being filed within thirty days of service.  28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | | |
|---|---|---|
| | **Exhibit A** | Index of Documents Filed in State Court |
| | **Exhibit B** | Civil Cover Sheet |
| | **Exhibit B-1** | Supplemental Civil Cover Sheet |
| | **Exhibit C** | State Court docket sheet |
| | **Exhibit C-1** | Plaintiff's Petition: Small Claims Case |
| | **Exhibit C-2** | Defendant's Original Answer |

8. In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the Justice Court, Precinct 5, Hockley County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.     FEDERAL QUESTION JURISDICTION

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because it arises under the laws of the United States. Specifically, Plaintiffs allege violations of the federal Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5301, *et seq*. ("DFA"). *See e.g. Nollner v. S. Baptist Convention, Inc.*, 852 F.Supp.2d 986, 998 (M.D. Tenn. 2012) (finding federal question jurisdiction over DFA claim); *Thomas v. Bank of Am.*, No. CV 21-3242 (TJK), 2022 WL 4119770, at *3 (D.D.C. Sept. 9, 2022) (denying plaintiff's motion for remand because plaintiff asserted claims under the DFA, among other federal statutes). Thus, Plaintiffs' right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

### IV.     SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the

action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12.     It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiffs' state law claims arise from the same purportedly unauthorized transactions and USAA FSB's purported failure to investigate Plaintiffs' dispute of those transactions, and share a common nucleus of operative facts with their federal claims. Indeed, Plaintiffs' claims in this matter are all based on the same alleged wrongful conduct relating to Plaintiffs' USAA FSB account.  Therefore, supplemental federal jurisdiction exists over Plaintiffs' state law claims.

13.     Because this Court has federal question jurisdiction and supplemental federal jurisdiction over Plaintiffs' state law claims, removal is proper.

## V.     PRAYER

WHEREFORE, Defendant removes this action from the Justice Court, Precinct 5, Hockley County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully Submitted,

/s/ *Elizabeth Hayes*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@polsinelli.com
**Elizabeth Hayes**
  State Bar No. 24069001
  ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR DEFENDANT
USAA FEDERAL SAVINGS BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system and/or U.S. certified mail and regular mail pursuant to the Federal Rules of Civil Procedure on this 10th day of October 2023.

/s/ *Elizabeth Hayes*
Attorney for Defendant