# EXHIBIT C-1

NO. S0705

DELIVERED THIS ____ DAY OF ____ 20__
GAVIN CAROLAN & CAROLAN, KENIA          X     IN THE JUSTICE COURT
CONSTABLE PCT 5, TRAVIS COUNTY, TEXAS
BY: _____                     X
VS.     DEPUTY                          X     PCT 05 PL 1
                                        X
USAA FEDERAL SAVINGS BANK; CORPORATION SERVICE COMPANY
211 EAST 7TH ST, SUITE 620
AUSTIN, TX  78701

THE STATE OF TEXAS TO: USAA FEDERAL SAVINGS BANK; CORPORATION SERVICE COMPANY, DEFENDANT in the above-styled and numbered case:

This citation is issued pursuant to a petition filed by the above-named Plaintiff on August 21st, 2023. The Plaintiff's attorney's name and address, or the Plaintiff's address, if they have no attorney, are: , 219 PAT ST, LEVELLAND, TX  79336    ( )   -   . Your answer must be filed with this court, located at 624 AVE. H STE. 205, LEVELLAND, TX  79336.

**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED WITH THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY, SUNDAY OR LEGAL HOLIDAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.**

ISSUED AND SIGNED this the ___21st___ day of ___August___, 2023.

JUSTICE OF THE PEACE, PRECINCT 05
HOCKLEY COUNTY, TEXAS


Carlos A. Lopez
Constable Pct. 5, Travis County, Texas

CAUSE NO. 5Ø7Ø5

| | | |
|---|---|---|
| Gavin V. Carolan & Kenia R. Carolan<br>PLAINTIFF | § § § | IN THE JUSTICE COURT |
| v. | § § | PRECINCT NO. 5 |
| USAA Federal Savings Bank<br>DEFENDANT | § § § | __Hockley__ COUNTY, TEXAS |

## PETITION: SMALL CLAIMS CASE

**Defendant(s) address:** 10750 W. IH 10, San Antonio, Texas 78288

**COMPLAINT:** The basis for the claim which entitles Plaintiff to seek relief against Defendant is: Please see the enclosed 'Plaintiff's Original Petition'.

**RELIEF:** Plaintiff seeks: ☑ damages in the amount of $ 2,174.00 , ☐ return of personal property as described as follows (be specific): _____, which has a value of $_____. Additionally, Plaintiff seeks the following:
The costs of Court and/or the filing of this suit, and any other relief as determined appropirate by the court.

**SERVICE OF CITATION:** Service is requested on Defendant(s) by: ☐ personal service at home or work, ☐ registered mail, ☑ certified mail, return receipt requested. If required, Plaintiff requests alternative service as allowed by the Texas Rules of Civil Procedure. Other addresses where Defendant(s) may be served are:

☐ I hereby request a jury trial. The fee is $22 and must be paid at least 14 days before trial.

☑ I hereby consent for the answer and any other motions or pleadings to be sent to my email address as follows: Gavin68@protonmail.ch

Gavin V. Carolan & Kenia R. Carolan
Plaintiff's Printed Name
**Defendant's Information** (if known):
Date of birth: N/A
Last three digits of Driver License: N/A
Last three digits of Soc. Sec. No.: N/A
Phone No.: (210) 531 - 8722

Signature of Plaintiff or Plaintiff's Attorney
219 Pat Street
Address of Plaintiff
or Plaintiff's Attorney
Levelland      Texas        79336
City           State        Zip
Tel: (806) 810 - 0219    Fax: (806) 853 - 9067
Phone & Fax No. of Plaintiff or Plaintiff's Attorney

JUSTICE COURT CIVIL CASE INFORMATION SHEET

CASE NUMBER (FOR CLERK USE ONLY) __50705__

*DATE FILED 9/21/23*
*J.P. COURT NO. 5*
*HOCKLEY COUNTY, TX*

STYLED _____
(e.g., John Smith v. All American Insurance Co; In the Matter of the Estate of George Jackson)

A CIVIL CASE INFORMATION SHEET MUST BE COMPLETED AND SUBMITTED WHEN AN ORGINAL PETITION IS FILLED TO INITIATE A NEW SUIT. THE INFORMATION SHOULD BE THE BEST AVAILABLE AT THE TIME OF FILING. THIS SHEET, REQUIRED BY RULE OF CIVIL PROCEDURE 502, IS INTENDED TO COLLECT INFORMATION THAT WILL BE USED FOR STATISTICAL PURPOSES OLY. IT NEITHER REPLACES NOR SUPPLEMENTS THE FILINGS OR SERVICE OF PLEADING OR OTHER DOCUMENTS AS REQUIRED BY LAW OR RULE. THE SHEET DOES NOT CONSTITUTE A DISCOVERY REQUEST RESPONSE, OR SUPPLEMENTATION, AND IT IS NOT ADMISSIBLE AT TRIAL.

| 1. CONTACT INFORMATION FOR PERSON COMPLETING CASE INFORMATION SHEET. | 2. NAMES OF PARTIES IN CASE: |
|---|---|
| Gavin V. Carolan — NAME<br>Tel: (806) 810 - 0219 — TELEPHONE<br><br>219 Pat Street — ADDRESS<br>Fax: (806) 853 - 9067 — FAX<br><br>Levelland, Texas 79336 — CITY/STATE/ZIP CODE<br>N/A — STATE BAR NO.<br><br>Gavin68@protonmail.ch — EMAIL<br><br>*/s/ signature/* — SIGNATURE | PLAINTIFF(S):<br>Mr. Gavin V. Carolan<br>Mrs. Kenia R. Carolan<br><br>DEFENDANT(S):<br>USAA Federal Savings Bank<br><br>(attach additional page as necessary to list all parties) |

| 3. INDICATE CASE TYPE, OR IDENTIFY THE MOST IMPORTANT ISSUE IN THE CASE (select only 1): | |
|---|---|
| [ ] DEBT CLAIM: A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000 in damages, excluding statutory interest and court costs but including attorney fees, if any. | [ ] EVICTION: An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, including costs and attorney fees, if any. |
| [ ] REPAIR AND REMEDY: A repair and remedy case is a lawsuit brought to seek judicial remedy for the alleged failure of a landlord to remedy or repair a condition as required by Chapter 92 of the Texas Property Code. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | [✓] SMALL CLAIMS: A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, or personal property. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |

CAUSE NO. S0705

| | | |
|---|---|---|
| Gavin V. Carolan & Kenia R. Carolan, § | | IN THE JUSTICE COURT |
| PLAINTIFFS § | | |
| § | | |
| vs. § | | PRECINCT NO. 5 |
| § | | |
| USAA Federal Savings Bank, § | | |
| DEFENDANT § | | HOCKLEY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Mr. Gavin V. Carolan and Mrs. Kenia R. Carolan, the Plaintiffs herein, and files this 'Plaintiffs' Original Petition' against the named Defendant, USAA Federal Savings Bank and, in support of his cause(s) of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.) The Plaintiff, Mr. Gavin V. Carolan (hereinafter referred to as 'Mr. Carolan' or jointly as 'the Plaintiffs'), is an individual who resides in in Hockley County, Texas. His mailing address is 219 Pat Street, Levelland, Texas 79336.

2.) The Plaintiff, Mrs. Kenia R. Carolan (hereinafter referred to as 'Mrs. Carolan' or jointly as 'the Plaintiffs'), is an individual who resides in in Hockley County, Texas. Her mailing address is 219 Pat Street, Levelland, Texas 79336. The Plaintiffs' home telephone number is (806) 810 - 0219.

3.) The Defendant, USAA Federal Savings Bank (hereinafter referred to as 'USAA FSB', 'USAA', 'the Bank', or 'the Defendant'), is a Texas State Financial Institution located in Bexar County, Texas. Their mailing address and place of business is 10750 West Interstate Highway 10, San Antonio, Texas 78288. Their telephone number is (210) 531 - 8722. The Defendant may be served via their registered agent 'Corporation Service Company' at 211 East 7th Street, Suite 620, Austin, Texas 78701. Service is respectfully requested pursuant to Tex. R. Civ. P. as appropriate for service to a State Financial Institution.

## II.
## DISCOVERY

4.) This case is intended to be governed pursuant to the Discovery rules in Justice Court (Texas Rules of Civil Procedure, Rule 500.1 – 500.10). Per §500.9(a), pretrial Discovery is limited to that which the Court considers reasonable and necessary.

## III.
## JURISDICTION AND VENUE

5.) The Court has subject matter jurisdiction of this cause of action because it only seeks monetary relief, and it involves an amount in controversy less than $20,000.00, including attorney's fees (if applicable), but excluding court costs and statutory interest.

6.) Venue is proper in Hockley County pursuant to Texas Civil Practice & Remedies Code §15.002(a)(1) because all or a substantial part of the events and/or omissions giving rise to this claim occurred in Hockley County. In particular, the incident or damages at issue occurred in this County.

7.) Pursuant to §15.002(b) of the same and USAA's 'Depository Agreement and Disclosures' (DOD) p. 44, the parties have agreed to resolve disputes in the county in which the Plaintiffs reside.

## IV.
## FACTUAL BACKGROUND

8.) On or about May 24, 2018, the Plaintiff Mr. Gavin Carolan and his wife Kenia Carolan jointly opened a Depository Account (hereinafter referred to as the 'Checking Account' or 'Account') with USAA Federal Savings Bank, the Defendant named herein, and has maintained this account to the date of the filing of this petition.

9.) On or about November 16, 2022, Mr. Carolan held a separate financial account with PayPal, Inc (hereinafter referred to as 'the PayPal Account' or 'PayPal'), which is a separate and unrelated financial institution. Mr. Carolan's PayPal account features a debit card that can be used with an outside funding source, which the Plaintiff opted to link to his USAA Checking Account to be drawn upon for funding on an as-needed basis.

10.) On or about the same day, the Mr. Carolan discovered multiple unauthorized transactions on his PayPal account, which resulted in a depletion of all funds on his PayPal account

and, consequently, additional funds drawn on his USAA Checking Account. The additional funds drawn on Mr. Carolan's Checking Account were not sufficient to cover the fraudulent charges incurred on his PayPal account. Mr. Carolan promptly notified PayPal, Inc. of the suspected fraudulent charges; his card was disabled and replaced due to the fact that it had been electronically compromised by an unknown third party.

11.) On or about November 18, 2022, Mr. Carolan wrote to USAA to explain the issue and to request that USAA waive or refund any fees associated with the unauthorized transactions on his PayPal account due to the fraudulent nature of the related charges.

12.) On or about November 22, 2022, the remaining unauthorized funds transfers cleared and USAA had assessed six (6) Non-Sufficient Funds fees ("NSF fees") for $29.00 each; a total of $174.00 in NSF fees.

13.) On or about December 5, 2022, The Defendant's employee 'Christine Alexander' ("Ms. Alexander") sent an e-mail to Mr. Carolan, which dismissed his complaint.

14.) On or about December 7, 2022, Mr. Carolan submitted a rebuttal response to USAA's CEO, Mr. Wayne Peacock, indicating that Ms. Alexander was unhelpful and failed to resolve the Plaintiffs' complaint.

15.) On or about December 9, 2022, the Defendant amended its Depository Agreement and business practices to cease charging NSF fees to its customers.

16.) On or about December 14, 2022, Ms. Alexander responded again to Mr. Carolan in response to his rebuttal to Mr. Wayne Peacock and indicated that he should "file a dispute for the NSF charges only".

17.) On or about December 21, 2022, at the advice of Ms. Alexander, Mr. Carolan called USAA's customer service phone number and requested to open disputes for the related NSF charges. The first agent Mr. Carolan spoke with admitted that she did not know how to open a dispute, and abruptly transferred Mr. Carolan to another agent. The next agent Mr. Carolan spoke to presented a rude attitude and was unhelpful, which led Mr. Carolan to hang up out of frustration. Mr. Carolan promptly called back and requested to speak to a Supervisor. The third agent refused to let him speak to a Supervisor, and informed Mr. Carolan that she could not open a dispute for the NSF fees. Mr. Carolan's three (3) call attempts produced no resolution.

18.) On or about the same day, Mr. Carolan sent a third letter to USAA describing his experience with their customer service department, and requested clarification on how to proceed with a resolution.

19.) On or about December 30, 2022, Mr. Carolan was contacted by USAA and was advised to submit his dispute in writing instead of by phone. Accordingly, Mr. Carolan sent a fourth letter to USAA to clearly delineate his dispute and provided supporting documents.

20.) On or about February 7, 2023, and having received no response to his fourth letter, Mr. Carolan sent a fifth letter to USAA to request an update on his dispute. USAA did not respond to either of Mr. Carolan's last two (2) letters.

21.) On or about February 24, 2023, Mr. Carolan filed a grievance against USAA with the Consumer Financial Protection Bureau (CFPB) regarding the bank's failure to resolve the Plaintiffs' cause of action in this case.

22.) On or about March 9, 2023, USAA's employee 'Belinda' responded to Mr. Carolan's CFPB complaint and dismissed Mr. Carolan's issue. Moreover, 'Belinda' further responded "*It should be noted that as of the date of this response, you have yet to contact USAA FSB by phone to initiate a fraud claim*", despite Mr. Carolan's three (3) attempts to open a dispute by phone on December 21, 2023. In doing so, USAA likely committed an offense pursuant to 18 U.S. Code §1001 by making a materially false statement to an agency of the federal government. Additionally, 'Belinda' took the step of calling Mr. Carolan's personal cell phone and left a voicemail stating that a "resolution had been reached", which was also determined to be false.

23.) On or about March 23, 2023, and having received no response to his fifth letter, Mr. Carolan sent a sixth letter (incorrectly dated "February 7, 2023" due to a typo) to inform USAA that the Plaintiffs' issue remained unresolved despite multiple attempts to contact the bank for a resolution. USAA did not respond.

24.) On or about April 21, 2023, Mr. Carolan filed a grievance against USAA with the Texas Department of Banking regarding the aforementioned issue, which was forwarded to the Office of the Comptroller of the Currency (OCC) for jurisdictional reasons.

25.) On or about May 16, 2023, The OCC forwarded Mr. Carolan's complaint to USAA to address his complaint.

26.) On or about May 22, 2023, at about 9:42am CST, Mr. Carolan received a hang-up call that purportedly originated from USAA at their telephone number (210) 531-8722.

27.) On or about May 25, 2023, USAA issued a response to the OCC and Mr. Carolan. USAA's response primarily consisted of the same information used to respond to Mr. Carolan's prior CFPB complaint and referenced their policy regarding courtesy fee waivers. The response further reiterated the same false statement *"you were instructed to contact USAA Deposit Servicing at 1-800-531-8722 to initiate a fraud claim ... it should be noted that as of the date of this response [sic], you have yet to contact USAA FSB by phone to initiate a fraud claim"*. USAA uploaded a copy of this letter via their online portal, but neglected to notify Mr. Carolan of their response.

28.) On or about June 20, 2023, the Plaintiffs procured the assistance of the law firm Ross & Matthews, P.C. and their attorney 'Teresa Ragle' to send a certified demand letter (USPS Tracking # 9171 9690 0935 0278 9164 75), which was delivered to, and signed for by, USAA on June 23, 2023.

29.) On or about June 21, 2023, unaware that USAA had responded to Mr. Carolan's OCC complaint, Mr. Carolan sent a follow-up letter to the OCC indicating that he had not received a response from USAA. In said letter, Mr. Carolan noted the aforementioned hang-up call he received from USAA.

30.) On or about June 30, 2023, USAA employee 'Natalie' (ext. 35103) called Mr. Carolan to follow up regarding his issue. 'Natalie' acknowledged that Mr. Carolan had, in fact, called multiple times to have a fraud dispute opened for the NSF fees and that the issue was unresolved. Natalie indicated that, as a courtesy to Mr. Carolan, she re-sent the Plaintiffs' dispute to the Fraud Team for an additional review. Mr. Carolan indicated he appreciated Natalie's effort in attempting to resolve the matter.

31.) On or about July 10, 2023, USAA employee 'Christine Alexander' called Mr. Carolan to follow-up regarding his issue. Ms. Alexander informed Mr. Carolan that USAA had responded to his OCC complaint and also investigated the hang-up call he received. Ms. Alexander indicated that the USAA employee who called Mr. Carolan documented that she had "telephone issues" and supposedly made a second attempt to call Mr. Carolan that same day, and claimed that Mr. Carolan did not answer. Mr. Carolan's telephone records show that this is false; no additional attempt was made by USAA to call him back that day

and no voicemail was left. Ms. Alexander further indicated that Mr. Carolan's case was rejected again and that "the decision will stand". Ms. Alexander also acknowledged receipt of the letter from Ross & Matthews, P.C., and claims that USAA sent Mr. Carolan a response prior to that date. Mr. Carolan indicated his dissatisfaction with the way his issue was handled and that him and his wife were considering switching to a different bank due to mistreatment. Ms. Alexander disregarded this comment. As it became clear that Ms. Alexander had no intention of offering any meaningful resolution, Mr. Carolan became frustrated and disconnected the call.

32.) On July 20, 2023, the law firm Ross & Matthews, P.C. received a response to the demand letter that they sent to USAA on behalf of the Plaintiffs, which was dated July 19, 2023. The date of this letter contradicts Ms. Alexander's statement that USAA responded to it prior to July 10, 2023. The letter contained the same contents as their response to the OCC, and also reiterated the false claim that the Plaintiffs had never called USAA regarding the NSF fees made the basis of this action.

33.) As of the date this case was filed, USAA has not offered any meaningful resolution nor offer to resolve this matter.

## V.
## CAUSES OF ACTION

34.) This action is maintained as a Small Claims Case pursuant to Tex. R. Civ. P. 500.3(a) by the party entitled to recover for damages caused by the negligent, reckless, and/or intentional actions of the Defendant's employees as described herein, and seeks relief for monetary losses incurred by the Plaintiff based on violations of the *Texas Deceptive Trade Practices Act- Consumer Protection Act* (Subchapter E, Chapter 17, Business & Commerce Code), as well as the federal *Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Title X ("Consumer Financial Protection Act" [CFPA])* ("Dodd-Frank Act", "Dodd-Frank", or "CFPA"; 12 U.S.C. §§ 5301-5641). The Plaintiff also alleges common law negligence and unjust enrichment, as well as Negligent Supervision of Employees and the Defendant's culpability for the actions and negligence of its employees per the common law doctrine *Respondeat Superior*.

## COUNT 1. DECEPTIVE AND UNFAIR TRADE/COMMERCE PRACTICES

35.) The *Deceptive Trade Practices Act – Consumer Protection Act* (Subchapter E, Chapter 17, Business & Commerce Code) protects consumers in Texas from deceptive or unfair trade practices, which include (but is not limited to):

    a. §17.50(a)(2) – Breach of an express or implied warranty.

    b. §17.50(a)(3) –[An] unconscionable action or course of action by any person.

36.) The Defendant violated multiple aspects of the *Deceptive Trade Practices Act – Consumer Protection Act* by subjecting the Plaintiffs to Non-Sufficient Funds (NSF) fees caused by third-party fraud.

## COUNT 2. VIOLATION(S) OF THE CONSUMER FINANCIAL PROTECTION ACT - UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES

37.) Title X(c) §1036 of the Dodd-Frank Act (12 U.S.C. §§ 5301-5641) prohibits federally-regulated financial instructions from engaging in Unfair, Deceptive, or Abusive Acts or Practices (UDAAP). The standard for unfairness of an act or practice pursuant to the Dodd-Frank Act is defined as 1.) It causes or is likely to cause substantial injury to consumers, 2.) The injury is not reasonably avoidable by consumers, and 3.) The injury is not outweighed by countervailing benefits to consumers or to competition. With regards to the third point of the unfairness test, the Consumer Financial Protection Bureau ("CFPB") has defined Non-Sufficient Funds (NSF) fees as "junk fees" that weaken market competition, and further describe the practice as "exploitative and predatory"[1]. The CFPB has further issued guidance to dissuade financial institutions from charging such fees.

38.) Based on the foregoing, USAA's seizure of the Plaintiff's funds in the amount of $174.00 under the auspice of "non-sufficient funds fees" resulting from fraudulent activity constitutes Unfair, Deceptive, or Abusive Acts or Practices (UDAAP). To wit, the consumer was harmed by this act, the related funds transfer attempts could not be reasonably avoided by the consumer, and the consumer gained no meaningful benefit from the assessment of said fees.

---

[1] https://www.consumerfinance.gov/about-us/newsroom/cfpb-issues-guidance-to-help-banks-avoid-charging-illegal-junk-fees-on-deposit-accounts/

## COUNT 3. NEGLIGENCE

39.) Negligence at common law can be determined by four (4) elements, including 1.) Duty, 2.) Breach of Duty, 3.) Causation, and 4.) Damages.

40.) The Defendant demonstrated common law negligence when it withdrew funds from the Plaintiff's Checking Account for failed funds transfers resulting from fraudulent activity, and subsequently failing to make the requested correction after receiving written disputes and correspondence from the Plaintiff at least six (6) separate times, not including telephone calls and other channels of communication. At the time of the losses, the Defendant had a common law duty to treat its customer(s) equitably and not charge unmerited fees. The Defendant breached this duty by deducting funds from his Checking Account based on fraudulent charges, and subsequently failing to correct the issue when the Defendant was repeatedly notified of the situation by the Plaintiffs. The Defendant's actions in seizing funds from the Plaintiffs' Checking Account was the proximate cause of their loss(es), and caused the Plaintiffs monetary losses in the amount of $174.00.

## COUNT 4. UNJUST ENRICHMENT

41.) Per the common law doctrine of *Unjust Enrichment*, a contract, agreement, or other arrangement that results in a grossly disproportionate outcome or benefit may be seen as unjust and inequitable. Therefore, the injured party may seek damages on this basis.

42.) In this cause of action, the Defendant was unjustly enriched when it seized funds from the Plaintiff's checking account based on unauthorized attempts at electronic funds transfers by an unknown third party.

## COUNT 5. NEGLIGENT SUPERVISION OF EMPLOYEES

43.) Prior to and on the date of the incident made the basis of this lawsuit, The Defendant had a duty to train and supervise their employees. The Defendant breached their duty to train and supervise their employees when their employees failed to take corrective action to mitigate the Plaintiff's loss(es). The Defendant's failure to train and properly supervise its employees was a significant contributing factor to the damages sustained by Plaintiff.

44.) Additionally, Mr. Carolan's letter to the company's CEO Mr. Wayne Peacock (dated December 9, 2022) clearly indicated that the Plaintiffs did not want the company's

employee 'Christine Alexander' to continue handling their complaint, as she had shown malice towards the Plaintiffs. USAA continued to allow Christine Alexander to handle the Plaintiffs' complaint, which the Plaintiffs find to be inappropriate.

### COUNT 6. VICARIOUS LIABILITY (*RESPONDEAT SUPERIOR*)

45.) Per the common law doctrine *Respondeat Superior*, an employer is liable for the actions of its employees. This liability extends to intentional torts and malfeasance (see Houston Transit Co. v. Felder, 208 S.W.2d 880 (Tex. 1948)).

### VI.
### DAMAGES AND CLAIM FOR RELIEF

46.) The Plaintiffs incurred actual damages in the amount of $174.00.
47.) The Plaintiffs further claim the amount of $1,000.00 each in mental anguish ($2,000.00 in total) related to this cause of action.
48.) In order to dissuade such behavior in the future, and for the purpose of prompting changes to the Defendant's procedures and employee training, the Plaintiffs respectfully request that exemplary damages be considered in addition to the Plaintiffs' monetary damages, if deemed appropriate by the Court.

### VII.
### CONDITIONS PRECEDENT

49.) All other conditions precedent to the Plaintiffs' right to recover have been fully performed, or have been waived by the Defendant.

## IX.
## PRAYER

50.) WHEREFORE, PREMISES CONSIDERED, the Plaintiff herein prays that the Defendant be cited in terms of law to appear and answer and, upon final trial or summary adjudication of this cause, have a judgement rendered upon the Defendant in the amount(s) requested herein and, in addition, the costs of Court, reasonable attorney's fees (if applicable), pre-judgement and post-judgement interest at the highest legal rate, and for any such other relief, both special and general, to which the Plaintiff may be entitled, in that of law and/or of equity.

Respectfully submitted,

_____

Mr. Gavin V. Carolan, in pro se
219 Pat Street
Levelland, Texas 79336
Telephone: (806) 810 – 0219
Facsimile: (806) 853 – 9067
E-Mail: Gavin68@protonmail.com

**Gavin V. Carolan and Kenia R. Carolan**

v.            Cause No. _____

**USAA Federal Savings Bank**

PLAINTIFF'S EXHIBIT LIST

| Number/Letter | Description |
| --- | --- |
| A | Plaintiffs' USAA Checking Acct Bank Statement, 11/11– 12/13, 2022. |
| B | Plaintiff's Correspondence with Defendant, various dates. |
| C | Plaintiff's Demand Letter to Defendant. |
| D | Defendant's Response to Demand Letter and OCC Complaint. |
| E | Defendant's Secretary of State (SOS) Filings. |
| F | Defendant's Depository Agreement, p. 43-44. |