IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | | |
|---|---|---|
| GAVIN V. CAROLAN and KENIA R. CAROLAN | § § § | |
| **Plaintiffs,** | § § | |
| vs. | § § | CIVIL ACTION NO. 5:23-CV-00237 |
| USAA FEDERAL SAVINGS BANK, | § § | |
| **Defendant.** | § | |

## PLAINTIFFS' MOTION TO REMAND CASE

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that the undersigned hereby brings motion for an Order to Remand the above-captioned case to the State Court (Justice Court, Precinct Number Five, in Hockley County, Texas), in which it was originally filed. In support thereof, the Plaintiffs will respectfully show the Court the following:

### I.       Relevant Procedural History

On or about August 21, 2023, the Plaintiffs in this case filed a Small Claims Case against the sole Defendant in this case, USAA Federal Savings Bank ("USAA"), alleging violations of consumer protection law and common law, to seek monetary damages pursuant to state law. The case was filed in the Justice Court, Precinct Number Five, in Hockley County, Texas. In their original petition, the Plaintiffs specifically cited the 'Depository Agreement and Disclosures' (DOD) document, effectively a legally binding contract between the Plaintiffs and the

Defendant, in which both parties waived their right to legal recourse in any forum other than Arbitration or a Small Claims Court (or its equivalent). This part of the document was included in Plaintiffs' Exhibit F of the initial filing and referenced in the original petition.

On or about September 25, 2023, the Defendant was served with the 'Plaintiffs' Original Petition' and the court-issued citation via their registered agent, 'Corporation Service Company'.

On or about October 10, 2023, the Defendant filed their 'Defendant's Original Answer' with the Justice Court. On or about the same day, the Defendant also filed a 'Notice of Removal' and removed this case to the United States District Court for the Northern District of Texas – Lubbock Division. In doing so, the Defendant justified the removal by citing the 'Plaintiffs' Original Petition' and the mention therein of the Dodd-Frank Wall Street Reform Act of 2010, Title X, specifically known as the 'Consumer Financial Protection Act' (12 U.S.C. §§ 5301-5641; "CFPA") and claimed that this raises a "Federal Question".

## II.    Relevant Statute and Requirements

This 'Plaintiffs' Motion for Remand' has been filed within thirty (30) days of the Defendant's removal of this cause of action to Federal Court; therefore, this motion and all procedural objections are timely.

28 U.S.C. §1447 provides, in relevant part:

> "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State Court may thereupon proceed with such case."

### III.     Argument for Remand to State Court

I.     **DEFENDANT'S CONTRACTUAL WAIVER OF RIGHTS** – When the Plaintiffs opened a depository account with the Defendant, USAA Federal Savings Bank, the parties entered into a contract pursuant to the 'USAA Depository Agreement and Disclosures' (hereinafter referred to as "the DOD" or "the agreement"). The agreement specifically addresses matters of dispute resolution in anticipation of possible litigation. Page 43 of the agreement defines a "claim or dispute" and contains a mandatory Arbitration Clause, which would otherwise restrict the Plaintiffs' right to sue the Defendant. However, under the section titled "*Is there an alternative to arbitration?*" on Page 44, there is an exception provided in which the parties agree to be sued in a Small Claims Court (or the equivalent) to resolve disputes "*as long as the action remains in that court ... and is not removed or appealed*". This agreement creates an estoppel from removing the case to any other court than a Small Claims Court by either party, which was breached by the Defendant. Regardless of the alleged merits of the Defendant's removal, The Defendant forfeited its right to do so and therefore, this case must be remanded to the appropriate State Court.

Such a waiver of rights is legally binding and not permissive. The federal courts have consistently held that a contractual waiver establishes an estoppel and is enforceable by the court (*Sky Dive Factory, Inc. v. Sky Dive Orange, Inc.*, 2013 DNH 033 (D.N.H. March 12, 2013)). Furthermore, in *Sky Dive Factory*, the court held that use of verbiage in a contractual provision for dispute resolution under state law is also a definitive waiver of the right to remove a case to Federal Court. Page 43 of the Defendant's Depository Agreement stipulates, in relevant part: "*You and FSB agree*

*that[,] upon election by either you or FSB, any covered claim shall be resolved ... by the laws of the State of Texas*" (see enclosed Exhibit F). This verbiage specifically precludes removal to Federal Court by either party, since the State of Texas has exclusive jurisdiction to hear this case under the terms of the agreement.

However, even if the Defendant did not waive its right to remove this case to Federal Court, this case still ought to be remanded to the State Court for the other reasons described herein.

II.    **PLAINTIFFS' CASE IS NOT DEPENDANT ON FEDERAL LAW -** Removal cannot be sought when the Federal Question is hypothetical or "merely possible"; the Federal Question must be "Direct and Essential". The United States Supreme Court has narrowed subject matter jurisdiction of the Federal District Courts to include "*only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law*", per Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983).

The Defendant's removal of this case to Federal Court is predicated on the second count listed in the 'Plaintiffs' Original Petition', which alleges that the Defendant violated a provision of a federal law known as the 'Consumer Financial Protection Act' under the Dodd-Frank Wall Street Reform Act of 2010. However, this was merely cited to bolster the Defendant's claim for monetary relief pursuant to the Texas Deceptive Trade Practices Act – Consumer Protection Act ("DTPA"). The DTPA a state law in the State of Texas, which prohibits abusive, unfair, or otherwise deceptive business and commerce practices in Texas and prescribes *efficient and*

*economical procedures for consumers* who have been harmed by such practices to seek relief (Texas Business and Commerce Code, Title 2, §17.44). Removing this case to Federal Court is contrary to the explicit purpose of the DTPA. Additionally, due to the DTPA's broad and comprehensive reach in defining the protections it affords, as well as allowing state courts in Texas to consider federal and other state laws, as well as case law from other jurisdictions, The Plaintiffs need not prove that the Defendants violated the federal Consumer Financial Protection Act as a matter of law in order to prevail on the merits.

**III.** **TITLE X IS ENFORCABLE BY THE STATE** – In the Defendant's 'Notice of Removal', the Defendant cites the Plaintiffs' reference to Title X of the Dodd-Frank Wall Street Reform Act of 2010 as reason for removal to Federal Court. Even if the Plaintiffs' sought relief exclusively based on Title X, the case would still be actionable in State Court. Title X specifically allows for state enforcement and does not require removal to Federal Court. In a recent statement issued by the Consumer Financial Protection Bureau (CFPB) Director Rohit Chopra, the agency affirmed this, stating in relevant part:

> "Section 1042 of the Consumer Financial Protection Act of 2010 (CFPA) generally authorizes States to enforce the CFPA's provisions. The Consumer Financial Protection Bureau (Bureau) is issuing this interpretive rule to provide further clarity regarding the scope of State enforcement under section 1042 and related provisions of the CFPA. Specifically, the Bureau is issuing the following interpretations: Section 1042 allows States to enforce any provision of the CFPA, including section 1036(a)(1)(A)."

**IV.** **PRESUMPTION IN FAVOR OF REMAND** - There is a general presumption against removal to Federal Court when a case is otherwise actionable in State Court (Gaus v.Miles Inc., 980 F.2d 564, 566 (9th Cir. 1992)) and removal statutes are strictly construed (Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217–218

(3d Cir. 1999)) and uncertainties are to be resolved in favor of remand (Burns v.

Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)), because, in major part,

federal courts have limited jurisdiction and removal deprives the Plaintiffs of their

chosen forum. A removing defendant bears the burden of proof of establishing federal

court jurisdiction (Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252 (5th Cir.

1961)).

**V.    Prayer**

WHEREFORE, the Plaintiffs respectfully request this Court grant the Plaintiffs' Motion

to Remand, and remand this case to the Justice Court in Hockley County, Texas, in whence it

was filed. In addition, the Plaintiffs pray that the Defendant bears all costs associated with their

improper removal petition and the remanding of the same.

Dated this 20th day of October, 2023

**Gavin V. Carolan, Pro Se**
219 Pat Street
Levelland, Texas 79336
Tel: (806) 810 – 0219
Email: Gavin68@protonmail.ch

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a) and 7.2(b), I hereby certify that the interested parties herein Mr. Gavin V. Carolan, Pro Se (for the Plaintiffs) and Ms. Elizabeth Hayes (for the Defendant) have discussed this motion and the merits thereof via telephone on October 16, 2023.

During said conference, Mr. Carolan indicated that he wishes to have this case remanded to the state court because the Plaintiffs are represented In Pro Se and are unfamiliar with the federal court system and applicable rules. Mr. Carolan further cited the Defendant's contractual waiver of its right to remove this case to federal court. Ms. Hayes indicated the Defendant opposes this motion but did not provide a specific reason.

Per their conversation, the Plaintiffs have determined that this motion is **opposed by the Defendant**.

Gavin V. Carolan, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure on this 20th day of October, 2023, via the following method(s):

E-mail to: Marc D. Cabrera at mcabrera@polsinelli.com; and Elizabeth Hayes at ehayes@polsinelli.com; Read Receipt Requested.

_____
Gavin V. Carolan, Pro Se



RECEIVED

OCT 25 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS





**G**

US POSTAGE
PAID ▮▮
10/20/2023
From 79336
0 lbs 3 ozs
Zone 1

Pitney Bowes
CommPrice
NO SURCHARGE

026W0004897673

3001514305

### USPS GROUND ADVANTAGE™

Gavin V. Carolan
219 Pat St
Levelland TX 79336-2827

**0001**

**C067**

UNITED STATES DISTRICT COURT
1205 TEXAS AVE RM 209
LUBBOCK TX 79401-4027

**USPS TRACKING #**



9400 1092 0556 8130 8111 39