# IN THE UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF TEXAS

### LUBBOCK DIVISION

| | | |
|---|---|---|
| GAVIN V. CAROLAN and KENIA R. CAROLAN | § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | CIVIL ACTION NO. 5:23-CV-00237 |
| USAA FEDERAL SAVINGS BANK, | § § § | |
| Defendant. | § § | |

## PLAINTIFFS' MOTION TO REMAND CASE - APPENDIX

| **Exhibit** | **Date Filed/Entered** | **Description** |
|---|---|---|
| F | 08/21/2023 (State Court) | Pages 43-44 of USAA FSB's Depository Agreement. |

# EXHIBIT F

**Waiver and Severability**

We reserve the right to waive or delay enforcing any of our rights under this Agreement. If we waive or delay enforcement of a right under this Agreement, it does not mean that the waiver or delay will apply to future situations or other provisions. For example, if we waive a fee in one situation, we reserve the right not to waive that fee should the situation recur. If any part of this Agreement is held to be invalid or unenforceable under any rule, law or regulation, the validity or enforceability of remaining provisions shall remain in full force and effect.

# Arbitration and Waiver of Class Action

Please read this *Arbitration and Waiver of Class Action* section carefully.

**IF YOU AND FSB ARE UNABLE TO RESOLVE A DISPUTE, YOU AND FSB AGREE THAT UPON ELECTION BY EITHER YOU OR FSB, ANY COVERED CLAIM SHALL BE RESOLVED BY ARBITRATION ON AN INDIVIDUAL BASIS ACCORDING TO THE TERMS OF THIS *ARBITRATION AND WAIVER OF CLASS ACTION* SECTION. ACCORDINGLY, YOU AGREE TO WAIVE YOUR RIGHT TO A TRIAL BY A JUDGE OR JURY OR TO PARTICIPATE IN A COLLECTIVE OR CLASS ACTION AGAINST FSB IN CONNECTION WITH ANY COVERED CLAIM. THIS *ARBITRATION AND WAIVER OF CLASS ACTION* SECTION SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT, AND TO THE EXTENT THAT LOCAL LAW APPLIES, BY THE LAWS OF THE STATE OF TEXAS.**

## What is arbitration?

Arbitration is a method of resolving disputes without filing a lawsuit in court. In arbitration, parties present their dispute to a neutral third person – called an arbitrator – instead of a judge or jury. Generally, arbitration is faster, less expensive and simpler than a lawsuit in court. Arbitrators apply the same laws and can award the same remedies as a court, and parties have the right to be represented by attorneys in arbitration.

## Which claims or disputes are subject to arbitration?

Covered Claims must be arbitrated if either you or FSB elect arbitration. A Covered Claim is any pre-existing, present, or future claim, dispute or controversy between you and FSB concerning a deposit account covered by this Agreement (a "Covered Claim"). The term "Covered Claim" is intended to be broadly interpreted, and includes, but is not limited to, claims:

- arising out of or relating to any aspect of the relationship between you and FSB, whether based on contract, tort, fraud, misrepresentation, or any other statutory or common-law legal theory, regardless of the remedy sought or whether the claim pertains to this Agreement or a prior or future version of it;
- relating to advertising or disclosures for any of FSB's products or services;
- relating to your past, present, or future accounts, including the establishment, operation, servicing, collections, or termination of your accounts, transactions involving or relating to your accounts, or any products, services, or benefits offered in connection with your accounts;
- relating to the retention, protection, use, or transfer of information about you or any of your accounts for any of our products or services;
- relating to communications with you concerning your accounts or any of our

43

products or services, including emails and automatically dialed calls and text messages;

- claims that may arise after the termination of this Agreement; and
- relating to the interpretation of "Covered Claim," or the enforceability, scope or interpretation of this *Arbitration and Waiver of Class Action* section.

## Is there an alternative to arbitration?

Instead of proceeding to arbitration, either you or FSB have the option to pursue a Covered Claim on an individual basis in a Small Claims Court (or the equivalent) as long as the action remains in that court, does not seek relief on behalf of or affecting the accounts of other customers, and is not removed or appealed to a court of general jurisdiction, in which case either party may elect arbitration.

## Who administers the arbitration?

All arbitrations will be conducted by the American Arbitration Association ("Administrator") in accordance with the Administrator's Consumer Arbitration Rules ("Administrator's Rules"), as modified by this Arbitration agreement. You may contact the Administrator to obtain arbitration information, the Administrator's Rules, and any claim forms and fee schedules:

American Arbitration Association ("AAA")
335 Madison Avenue, Floor 10
New York, NY 10017-4605
www.adr.org
1-800-778-7879

If the Administrator is unable to administer the arbitration, it shall be administered by such other administrator as you and FSB agree or that is selected by a court of competent jurisdiction.

## How does arbitration start?

If you choose to begin arbitration, you must contact the Administrator, follow the procedures set forth in the Administrator's Rules and notify FSB at:

**USAA Federal Savings Bank**
**Attention: General Counsel**
**10750 McDermott Freeway**
**San Antonio, Texas 78288**

If FSB chooses to begin arbitration, FSB will notify you either at your last physical address contained in its records or if you are represented by an attorney, at the attorney's address.

## Who pays the Administrator's fees?

FSB will pay any arbitration fees charged by the Administrator associated with arbitration proceedings. Except as provided by applicable law, you are responsible for paying your own attorney's fees, expert and witness fees, and any other expenses associated with the arbitration.

## Where will the arbitration take place?

The arbitration shall be conducted in the county where you reside, unless you and FSB agree on a different location. The arbitration proceedings shall be conducted by telephone or video conference unless the arbitrator decides that an in-person hearing or desk arbitration is appropriate.